OPINION
Defendant, Jason Chancellor, was indicted on one count of possessing crack cocaine. Chancellor moved to suppress the cocaine discovered on his person by police. The trial court overruled that motion following a hearing. Chancellor entered a no contest plea and was found guilty by the trial court. Chancellor was sentenced to five years of community control sanctions.
Chancellor timely filed a notice of appeal to this court. His appellate counsel filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, certifying that a review of the record had failed to reveal any meritorious issue for appellate review. We notified Chancellor of his appellate counsel's representations, and allowed him sixty days to respond pro se. No response has been received.
In his Anders brief, Chancellor's appellate counsel mentions only one potential issue that might arguably support an appeal; whether Defendant's motion to suppress evidence should have been granted.
We have reviewed the transcript of the suppression hearing and find that there is competent, credible evidence to support the trial court's findings of fact, which are as follows:
 At about 1:40 a.m., on June 10, 1998, Officer Oldham, a member of the DMHA Task Force, was patrolling in the Desoto Bass DMHA Complex on bicycle with another officer nearby. His purpose was to determine whether any persons were trespassing on the DMHA property. Officer Oldham observed Defendant Jason Laman Chancellor (hereinafter "Mr. Chancellor") walking on an interior walkway near 1743 Banker Place. Mr. Chancellor stopped on the sidewalk, on his own. There was an open field to his right, and he was free to leave. Officer Oldham asked Mr. Chancellor if he lived at Desoto Bass. Mr. Chancellor said "No." Officer Oldham then asked if Mr. Chancellor had any guns. He replied "No." Officer Oldham said "OK if I check?" Mr. Chancellor said "YES." While on his bike, Officer Oldham patted down Mr. Chancellor's outer clothes including his pockets. In one pocket, he stated that he felt a hard rock-like substance like a large marble, and what seemed like the knot of a plastic bag.
 Officer Oldham then took control of Mr. Chancellor and asked what the object in his pocket was. Mr. Chancellor said it was money. Officer Oldham said "I think you have cocaine." He then pulled out the bag of cocaine. He continued patting down Mr. Chancellor, and found another bag in his left pocket. Officer Oldham testified that he is familiar with crack cocaine, has done hundred of patdowns, and has felt cocaine in someone's pocket. He said that when he first felt the object, he thought it was a $200 piece of crack cocaine. He denied having to manipulate it before he knew what it was.
 Officer Oldham further testified that he was in uniform, with his gun visible. He did not see Mr. Chancellor commit a crime. He stated that he had reason to fear Mr. Chancellor because of the area, but did not pull out his weapon, nor call for backup.
The Fourth Amendment prohibits unreasonable searches and seizures, which are therefore illegal. Evidence obtained by police in the course of an illegal search is subject to suppression. Nardone v. United States (1939), 308 U.S. 338. That relief is not available when the search was one to which the subject consented, however, because consensual searches do not trigger Fourth Amendment protections. Florida v. Royer (1983),460 U.S. 491. To be valid, a consent must be voluntary, and a consent is not voluntary if it is "the result of duress or coercion, express or implied." Schneckloth v. Bustamonte (1973),412 U.S. 218, 248. Whether it was is a question of fact to be determined from the totality of the circumstances. Id.
From the facts which the trial court found, it is clear that the Defendant's agreement to allow Officer Oldham to pat him down for weapons was not the product of duress or coercion. Indeed, as the officer posed his request, no physical force or show of authority on the officer's part was involved. The nature of the request perhaps implied some form of official interest, which tends to produce acquiescence. However, more is required to constitute the duress or coercion necessary to render an expressed consent involuntary.
When the officer performed his pat-down search his sense of touch discerned an object which the officer, based on his experience, immediately concluded was crack cocaine. Therefore, the officer was authorized to seize the object from the Defendant's pocket. Minnesota v. Dickerson (1993), 508 U.S. 366. That authority rendered the seizure reasonable for Fourth Amendment purposes, albeit the officer's lack of a warrant. Id.
Therefore, the trial court did not err when it overruled Defendant Chancellor's motion to suppress that evidence.
Chancellor knowingly and voluntarily entered his no contest plea, and the trial court adhered to the dictates of Crim.R. 11 in accepting that plea. The judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.